# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Jericho Gozum,

    Plaintiff

v.

Carolyn W. Colvin, Acting
Commissioner of Social Security,

    Defendant

Case No.: 2:16-cv-01248-JAD-PAL

**Order Granting Attorney's Fees**

[ECF No. 14]

    Jericho Gozum brought this action for judicial review of the Commissioner of Social Security's final decision denying his application for disability insurance benefits under Title II of the Social Security Act ("SSA").[1] After I granted Gozum's stipulated motion under sentence 4 of 42 U.S.C. § 405(g) to remand the case to the Social Security Administration for further proceedings,[2] Gozum filed this motion for attorney fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[3] I grant Gozum's motion in part and award a total of $6,120.15 in fees and costs.

## Discussion

    The EAJA authorizes the court to "award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[4] The district court has discretion to award attorney's fees under the EAJA with no

---

[1] ECF No. 1.

[2] ECF No. 9 (motion); ECF No. 11 (stipulation); ECF No. 12 (order).

[3] ECF No. 14. Gozum originally sought $6,052.80 in fees at an hourly rate of $194 for 31.2 hours worked, but reduced his demand to $5,981.04 in his reply after conceding a maximum allowable hourly rate of $191.70.

[4] 28 U.S.C. § 2412(d)(1)(A); *see also Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

limit aside from a statutory hourly-rate cap.[5]

Federal courts assess the reasonableness of fee requests, including requests in social security cases, using the "lodestar" method.[6] "To calculate the lodestar amount, the court multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate."[7] The court then may adjust the lodestar upward or downward based on "a host of reasonableness factors, including the quality of representation, the benefit obtained . . . , the complexity and novelty of the issues presented, and the risk of nonpayment."[8]

The Commissioner does not contend that the agency's position was substantially justified, nor does it contest the $465 Gozum seeks in costs. Rather, the Commissioner argues that Gozum "should not be compensated for over 30 hours to obtain the favorable results here," due to: (1) lack of complexity and novelty of the issues; (2) the inclusion of a factual summary where "[t]his court's case management order does not require [one]"; and (3) "overbilling" for time spent reviewing the administrative record, because Gozum's attorney represented him before the ALJ and the Appeals Council and as a result, should have already been "quite familiar" with the record.[9] The Commissioner consequently seeks a 9.45-hour haircut to Gozum's fee petition, consisting of a 50 percent reduction of the 6.5-hour billing entry for reviewing the record and preparing a factual summary, and a 6.2-hour reduction to the 8.2-hour entry for "[r]esearch; [and] begin drafting brief."[10] The reductions would result in an adjusted award of $4,169.48 for "21.95 hours of work billed

---

[5] 28 U.S.C. § 2412(d)(2)(A); *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998).

[6] *Costa v. Comm'r*, 690 F.3d 1132, 1135 (9th Cir. 2012).

[7] *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[8] *Stetson v. Grissom*, 821 F.3d 1157, 1166–67 (9th Cir. 2016) (internal quotation marks omitted).

[9] *See* ECF No. 15 at 2–4.

[10] *Id.* at 4 (quoting ECF No. 14-1 at 3).

correctly at $191.70 per hour."[11]

I am unpersuaded by the Commissioner's challenge to the 6.5-hour billing entry for reviewing the record and preparing a factual summary. "Social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence."[12] The record in this case was voluminous and consisted of nearly 2,300 pages of outpatient hospital records, medical progress notes, treatment records, lab and radiology results, physical and mental assessments, VA records, and third-party function reports.[13] Gozum's attorney, Mark Rouse, undoubtedly sifted through this lengthy, fact-intensive record to prepare the 25-page brief that ultimately resulted in the remand of the matter for further proceedings. The complexity of handling social security disability cases, the length of the record in this case, and the favorable outcome that Rouse achieved, I find that Gozum's request of 6.5 hours to review the administrative record and prepare a nearly 15-page background section is reasonable.

The Commissioner's challenge to Rouse's 8.2-hour billing entry for time spent researching and beginning to draft the brief has merit, however. When this billing entry is combined with Gozum's 8.7-hour entry for "[a]dditional research; edit and finalize brief," it is unclear how many of those 16.9 total hours were spent performing the individual tasks of researching, drafting, editing, and finalizing the brief.[14] And while it might be appropriate to spend up to 16.9 hours performing some of these tasks, it would not be appropriate to spend up to 16.9 hours performing others. This is especially true considering Rouse's level of experience and the age of the cases he cites in his brief. Rouse claims he has represented over 100 claimants before the Administration in the past two-and-a-

---

[11] *Id.* The Commissioner's math is a little off.

[12] *Costa*, 690 F.3d at 1137, n.1.

[13] *See* ECF Nos. 8-1 through 8-4 (electronic administrative records, parts 1–5).

[14] *See* ECF No. 14-1 at 3.

half years,[15] and the motion to remand cites cases that are no newer than 2007.[16]  Therefore, on the record before me, I cannot conclude that all of the 16.9 hours that Rouse block-billed were reasonable.

"[A] district court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation."[17]  I thus grant Gozum's motion in part.  I reduce the total award by 1.7 hours, which represents roughly a 10 percent discount to the 16.9 hours of block-billed time Rouse spent researching, drafting, editing, performing additional research, and finalizing his brief.   Rouse is awarded $5,655.15 in fees for 29.5 hours of work performed at an hourly rate of $191.70 under the EAJA, plus $465 in costs for a total award of $6,120.15.

## Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that Gozum's motion for attorney's fees and costs **[ECF No. 14] is GRANTED in part**: the Commissioner is directed to send Gozum's attorney, Mark A. Rouse, $6,120.15, less any applicable processing fees allowable by statute.  The Clerk of Court is directed to enter judgment accordingly and **CLOSE THIS CASE**.

DATED August 8, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[15] *Id.* at 1–2.

[16] *See* ECF No. 9.

[17] *Costa*, 690 F.3d at 1136 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).